91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Seyed Hojjad AZIMI-OSMAVANDANI; Maryam Seddigh-Abdullahi, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70090.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1996.
Decided July 2, 1996.
 
 1
 Before: SCHROEDER and HAWKINS, Circuit Judges and FITZGERALD,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioners Seyed Hojjad Azimi-Osmavandani (hereinafter, "Azimi") and Maryam Seddigh-Abdullahi seek review of the BIA's denial of their applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) & 1253(h), and their motion to remand for consideration of their application for suspension of deportation under 8 U.S.C. § 1254(a). We deny the petition for review.
 
 I.
 
 4
 We review the factual findings underlying the BIA's denial of asylum and withholding of deportation for substantial evidence. Arteaga v. INS, 836 F.2d 1227, 1228 (9th Cir.1988). We review legal questions de novo. Id. The Attorney General may grant asylum to an alien who establishes that she either has been persecuted or has a well-founded fear of persecution on account of political opinion. INA §§ 208(a) & 101(a)(42), 8 U.S.C. §§ 1158(a) & 1101(a)(42). To qualify for withholding of deportation, an alien must show a "clear probability" of persecution on account of one of the grounds enumerated in 8 U.S.C. § 1101(a)(42), including political opinion. INA § 243(h), 8 U.S.C. § 1253(h). See Cuadras v. INS, 910 F.2d 567, 572 (9th Cir.1990). The standard for withholding of deportation requires a greater evidentiary showing than that for asylum. Id. at 572. An alien who fails to show a well-founded fear of persecution a fortiori fails to show a clear probability of persecution. Id.
 
 
 5
 Petitioners argue that the BIA erred in concluding that Azimi's outstanding arrest warrant for alleged membership in the Mujaheddin did not constitute a sufficient basis for a well-founded fear of persecution on account of political opinion. However, aside from the warrant itself, petitioners produced no evidence that the Iranian authorities made any concrete effort to persecute Azimi for his affiliation with the Mujaheddin. He was never arrested for, or even questioned about, such affiliation. Thus, petitioners' case is distinguishable from Shirazi-Parsa v. INS, 14 F.3d 1424 (9th Cir.1994), overruled in non-relevant part, Fisher v. INS, 79 F.3d 955 (9th Cir.1996), where we reversed the BIA's denial of asylum because of evidence of a summons and a string of persecutorial efforts by the Iranian government. The BIA's denial of petitioners' claim for asylum on the basis of the warrant is supported by substantial evidence.
 
 
 6
 Petitioners also contend that the BIA erroneously failed to consider their claim for asylum based on Azimi's assistance to Savak and subsequent detention. However, it is clear from the BIA's decision that it considered Azimi's claim regarding Savak and rejected it as not credible. The BIA's conclusion is supported by substantial evidence.
 
 II.
 
 7
 Petitioners contend that the BIA erroneously denied their motion to remand for consideration of their application for suspension of deportation. However, petitioners did not submit to the BIA any documents explaining the basis for their request for suspension of deportation. Therefore, the BIA had no basis for determining whether petitioners had established a prima facie case. The BIA properly denied the motion to remand.
 
 
 8
 The petition for review is DENIED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3